IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 47731

| | |
|---|---|
| In the Interest of John Doe I, A Child Under Eighteen (18) Years of Age. | ) ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) |
| | ) |
| Petitioner-Respondent, | ) |
| | ) |
| v. | ) ) |
| JANE DOE (2020-04), | ) ) |
| | ) |
| Respondent-Appellant. | ) ) |

Filed: April 8, 2020

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, affirmed.

Anthony R. Geddes, Ada County Public Defender; Joshua D. Mills, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Madison N. Miles, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Jane Doe (2020-04) appeals from a judgment terminating her parental rights. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the mother of the minor child in this action who was born in 2017. The child was removed from Doe's care due to mental health and substance abuse issues that prevented Doe from meeting the child's basic needs for food, clothing, and supervision. The Idaho Department of Health and Welfare was given temporary custody of the child. The magistrate court subsequently

1

approved case plans for Doe and the child's father and conducted several review hearings while the child was in the Department's custody. Eventually, the magistrate court amended the permanency goal to the termination of parental rights and adoption and granted the Department's request to suspend reasonable reunification efforts. Ultimately, the Department petitioned to terminate the parental rights of both parents. After trial, the magistrate court terminated Doe's parental rights, finding clear and convincing evidence that she neglected the child and that termination is in the child's best interests.[1] Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). In a termination proceeding, due process and the substantial evidence test require the trial court's findings be supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006); *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600. The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order terminating parental rights. *Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65.

## III.

## ANALYSIS

Doe challenges the magistrate court's decision terminating her parental rights, arguing that the magistrate court ignored relevant evidence of her parenting abilities in concluding that she neglected the child and improperly weighed the evidence in concluding that termination is in the

---

[1]    The magistrate court also terminated the father's parental rights, which decision is not at issue in this appeal.

child's best interests. The Department argues that Doe failed to address the magistrate court's alternative statutory basis for termination and that the magistrate court properly weighed all the relevant evidence in reaching its decision to terminate. We affirm the magistrate court's decision.

**A.      Statutory Basis for Termination**

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

The magistrate court concluded that there was clear and convincing evidence that Doe neglected the child under I.C. § 16-2005(1)(b) and that Doe was unable to discharge her parental responsibilities for a prolonged period of time under I.C. § 16-2005(1)(d). Doe does not challenge the magistrate court's conclusion that she was unable to discharge her parental duties. We can, therefore, affirm the statutory basis for termination on that unchallenged basis. *See Fischer v. Fischer*, 92 Idaho 379, 382, 443 P.2d 463, 466 (1968) (recognizing that appellate court must uphold the finding and judgment of the trial court if it is capable of being upheld on any theory). Even if there was not an alternative ground on which to affirm the magistrate court's statutory basis for termination, we hold there was sufficient evidence to support the magistrate court's finding that Doe neglected the child under I.C. § 16-2005(1)(b).

Idaho Code Section 16-2005(1)(b) provides that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for the child's well-being because of the conduct or omission of his or her parents, or their neglect

or refusal to provide them. The magistrate court's factual findings support its conclusion that Doe neglected the child according to the foregoing definition. The magistrate court found that, during the underlying child protection action, Doe had not attended the child's appointments; demonstrated parenting abilities; nor shown that she could provide a safe and stable home for the child. Additionally, the magistrate court found that Doe had long-standing, untreated mental health and substance abuse issues that she refused to address and that negatively affected her ability to parent. The magistrate court further found Doe was convicted of a crime in Oregon during the underlying child protection action and that Doe's incarceration in Oregon is likely to continue until December of 2020 because of her conduct while incarcerated.

Doe argues that the magistrate court's analysis is fatally flawed because it ignored evidence that she is capable of caring for the child with outside assistance. In support of this argument, Doe points to her initial contact with the Department in October 2018. The Department's investigation at that time found that Doe was able to manage her psychotropic and pain medications and maintain a furnished and clean residence for the child with daily, volunteer in-home help. Doe's argument is unpersuasive. Although Doe was able to provide a safe and sanitary home for the child when receiving volunteer in-home assistance, the facts found by the magistrate court show that such an arrangement is not a viable, long-term solution. As previously stated, the magistrate court found that Doe suffered from mental health issues that she refused to address. The magistrate court further found that these mental health issues resulted in fantastical thinking and volatile reactions to feedback Doe considered critical of her.[2] It is probable that Doe's mental health issues contributed to the conflict over Doe's parenting decisions that resulted in her decision to "fire" the individual who volunteered to assist Doe with her personal and parental needs. Doe's refusal to address her mental health issues, the lack of parenting skills she demonstrated during the child protection action, and her past interactions with volunteer help support the magistrate court's finding that there was clear and convincing evidence that Doe neglected her child.

---

[2]    Doe's volatility is exemplified by her communications with Department employees during the underlying child protection action. During telephone conversations with Department employees, Doe often yelled, used profane language, and would abruptly hang up the phone.

**B.     Best Interests of the Child**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991).   When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law.  *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014).  A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds.  *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court found that Doe's child deserves to have immediate permanency and certainty about his future.  Doe's behavior during the child protection proceeding demonstrated that she will not be able to provide a permanent, stable home environment for *at least* a year after being released from incarceration.   Prior to being incarcerated in Oregon, Doe failed to demonstrate that she could provide food, clothing, housing, education, or emotional support for the child.  Upon being released from incarceration in Oregon, Doe will have to establish housing, employment, sustained sobriety, and mental stability before she can care for the child--a process that could take a year or more.  However, the magistrate court found it likely that Doe would not overcome her substance abuse and mental health issues during the child's minority.  Moreover, Doe and the child lack a normal parent-child bond.  During the limited visits Doe had with the child, Doe displayed no nurturing behaviors, and the child showed no attachment to Doe.  To the contrary, the child was fearful of Doe and did not refer to her as his mother without prompting. Additionally, at the time of the termination trial, the child was in the custody of the same individual who has guardianship over the child's older brother, with whom the child shares a strong bond. This foster parent is a potential adoptive placement for the child.

Doe contends that the magistrate court improperly weighed the relevant evidence when considering the child's best interests.  Specifically, Doe faults the magistrate court for crediting the testimony of the Department's witnesses over her own testimony, disregarding evidence that

the child spent time in daycare while in foster care, and ignoring evidence that Doe had provided adequate care to the child during certain periods. The magistrate court found that Doe's mental health issues, which visibly affected her behavior during trial, rendered her testimony unreliable. Although the child's foster parent did place the child in daycare, Doe points to no evidence in the record indicating any adverse effects this had on the child. Weighing conflicting evidence and determining witness credibility are functions of the magistrate court. *King v. King*, 137 Idaho 438, 442, 50 P.3d 453, 457 (2002). We will not substitute the magistrate court's view of the evidence with our own. *Id.* Doe has failed to show error in the magistrate court's conclusion that termination of Doe's parental rights served the child's best interests.

## IV.

## CONCLUSION

Doe failed to challenge the magistrate court's finding that Doe was unable to discharge her parental duties. Further, Doe has failed to show that the magistrate court erred in finding, by clear and convincing evidence, that Doe neglected the child and that termination of her parental rights served the child's best interests. Consequently, the judgment terminating Doe's parental rights is affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.

6